UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ebony Crystal Malcom,

       Plaintiff,

v.                                     Case No. 21-11514

Timothy Gerald Arnold,                Honorable Sean F. Cox

       Defendant.

_____/

**OPINION AND ORDER**
**GRANTING DEFENDANT ARNOLD'S MOTION TO DISMISS**

Plaintiff, Ebony Crystal Malcom ("Malcom") sued Defendant, Timothy Gerald Arnold ("Arnold") for breach of contract and forgery. (ECF No. 1). The matter currently before the Court is Arnold's Motion to Dismiss the Amended Complaint, brought pursuant to FED. R. CIV. P. 12(b)(6). (ECF No. 12). For the reasons set forth below, the Court GRANTS Arnold's motion and DISMISSES Arnold from this lawsuit. However, this action continues against Defendant Colonial Life & Accident Insurance Company ("Colonial Life").

**BACKGROUND**

On June 9, 2021, Malcom commenced this action *pro se* alleging breach of contract and forgery claims against Arnold. (ECF No. 1).

On August 27, 2021, Arnold filed a motion to dismiss. (ECF No. 10). In response, on September 2, 2021, Malcom filed an "Affidavit: Amended Complaint for Equitable Relief." (ECF No. 11). The Court construed this as an amended complaint. (ECF No. 17). As such, that pleading superseded and replaced the original complaint. The filing of this new pleading also rendered moot

1

the motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 11) that challenged the original complaint.

In the Amended Complaint, Malcom does not list Arnold as a defendant. (ECF No. 11). Instead, Malcom lists Colonial Life as the defendant. (ECF No. 11). On September 16, 2021, Arnold filed this motion to dismiss the amended complaint arguing that he is no longer a party to this action. (ECF No. 12).

Because this matter comes before the Court on a motion to dismiss the Amended Complaint, the following allegations in Malcom's Amended Complaint are taken as true. (ECF No. 11); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Malcom is "a former independent contractor, associated with Colonial Life & Accident Insurance Company under a Sales Representative Agreement, paid on a commission-only basis." (ECF No. 11, at PageID 78). The thrust of her factual allegations is that Colonial Life has failed to provide her with pay that she is owed following her termination and that Colonial Life has failed or refused to provide her with a "complete employee/agent file/record." (ECF No. 11, at PageID 80). Colonial Life provided Malcom with an "Agent Income Summary Report" which reflected that there was a "Laptop Deduction and Laptop Accelerations" on her account. (ECF No. 11, at PageID 80). Malcom asserts that there is "contract associated with the laptop used for enrollment purposes the defendant/respondent has failed and/or refused to provide." (ECF No. 11, at PageID 80). Malcom asserts that Colonial Life has not provided her with the contract associated with the laptop and that her signature on this contract is forged. (ECF No. 11, at PageID 80).

2

## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## ANALYSIS

Because this Court sits in diversity, the substantive law of Michigan governs the claims of in this case. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

In his motion, Arnold's only argument is a simple one: the amended complaint "removes all claims and allegations against Mr. Arnold" because Malcom does not list Arnold as a named defendant. (ECF No. 12, at PageID 113). In her response, Malcom concedes that the amended

complaint "removes all claims and allegations against Timothy Gerald Arnold." (ECF No. 15, at PageID 130). Therefore, I recommend the Court DISMISS Arnold from this lawsuit.

In Arnold's reply, he argues that "this case should be dismissed in its entirety" because "any claims against Colonial Life are futile . . . Malcom has not substantively changed her complaint, and the amended complaint fails to state a claim for the same reasons expressed in the motion to dismiss." (ECF No. 14, at PageID 116-117). The Court declines to address the arguments made in Arnold's first motion to dismiss because they were specific to Arnold and not to Colonial Life. (ECF No. 10).

## CONCLUSION

For the reasons explained above, the Court GRANTS Arnold's motion (ECF No. 12) and DISMISSES Arnold from this case. However, this action continues against Colonial Life.

**IT IS SO ORDERED.**

Dated: October 25, 2021                          s/Sean F. Cox
                                                 Sean F. Cox
                                                 U. S. District Judge