UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ebony Crystal Malcom,

    Plaintiff,

v.                                                                                                 Case No. 21-11514

Colonial Life & Accident Company,                      Honorable Sean F. Cox

    Defendant.

consolidated with

Ebony Crystal Malcom,

    Plaintiff,

v.                                                                                  Case No. 21-12142

Colonial Life & Accident Company,                      Honorable Sean F. Cox

    Defendant.

_____/

**<u>OPINION AND ORDER</u>**
**<u>GRANTING DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff, Ebony Malcom ("Malcom") on behalf of herself, proceeding *pro se*, alleges breach of contract and forgery in violation of 18 U.S.C. § 471 against Defendant Colonial Life & Accident Insurance Company ("Colonial Life"). (ECF No. 11). Malcom also seeks an order compelling Colonial Life to produce documents pursuant to the Freedom of Information Act ("FOIA"). (ECF No. 11).

The matter currently before the Court is Colonial Life's Motion to Dismiss the Amended Complaint, brought pursuant to FED. R. CIV. P. 12(b)(6). (ECF No. 24). The motion has been fully

1

briefed and the Court concludes that a hearing is not necessary. Thus, the Court orders that the motion will be decided without a hearing. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court **GRANTS** Colonial Life's motion to dismiss the Amended Complaint.

## BACKGROUND

On June 9, 2021, Malcom commenced this action against Timothy Arnold ("Arnold"), the CEO of Colonial Life. (ECF No. 1). On August 27, 2021, Arnold moved to dismiss pursuant to Rule 12(b)(6). (ECF No. 10).

In response, on September 2, 2021, Malcom filed an "Affidavit: Amended Complaint for Equitable Relief." (ECF No. 11). This affidavit removed the allegations against Arnold and replaced them with allegations against Colonial Life. (ECF No. 11). Specifically, Malcom alleges breach of contract and forgery in violation of 18 U.S.C. § 471 against Colonial Life. Malcom also seeks an order compelling Colonial Life to produce documents pursuant to the FOIA. On October 25, 2021, the Court construed this affidavit as an Amended Complaint. (ECF No. 17). As such, that pleading superseded and replaced the original complaint. The filing of this new pleading also rendered moot Arnold's motion to dismiss (ECF No. 10) that challenged the original complaint.

Arnold then moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 12). On October 25, 2021, Colonial Life was added as a party to the case. On that same day, the Court granted Arnold's motion and dismissed Arnold from the case, but the action continued against Colonial Life. (ECF No 18, PageID.140).

2

On November 1, 2021, Colonial Life filed the matter currently before the Court, the Motion to Dismiss the Amended Complaint. (ECF No. 24).

Because this matter comes before the Court on a motion to dismiss the Amended Complaint, the following allegations in Malcom's Amended Complaint are taken as true. (ECF No. 11); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On January 4, 2021, Malcom petitioned Colonial Life for a "formal request of the complete independent contractor file/record that directly pertains to the plaintiff." (ECF No. 11, PageID.79). This formal request was received by Colonial Life pursuant to the FOIA, Title 5 U.S.C. § 552. (ECF No. 11, PageID. 83). On April 22, 2021, Malcom received two documents from Colonial Life in response to her request: (1) a copy of the Colonial Life Sales Representative Agreement; (the "Agreement") and (2) a copy of the Agent Income Summary Report (the "Report"). (ECF No. 11, PageID.80). Malcom contends that these documents do not reflect the "complete employee/agent file/record" because additional documents were not provided. (ECF No. 11, PageID.80). Specifically, Malcom alleges the absence of a contract documenting "Laptop Deduction and Laptop Accelerations" (the "Laptop Document"). (ECF No. 11, PageID.80). Malcom alleges that Colonial Life forged her signature on the Laptop Document, making it invalid pursuant to 18 U.S.C. § 471. (Am. Compl., PageID.80). Malcom alleges that Colonial Life has failed to produce the Laptop Document, and its disclosure would reveal that the signature is forged. (ECF No. 11, PageID.80). Malcom requests that this Court order disclosure of the Laptop Document pursuant to her FOIA request. (ECF No. 11, PageID.108).

Malcom further contends that the Report documents her employment status as "Terminated with Pay", but Malcom states that she never received any payment from Colonial Life. (ECF No.

3

11, PageID.80). Malcom alleges that Colonial Life is in breach of contract and Malcom is due said pay "in the form of Renewal Commissions pursuant to the copy of the Colonial Life Sales Representative Agreement." (ECF No. 11, PageID.80).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must assert sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

Because jurisdiction is based on diversity, the substantive law of Michigan applies in this case. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

### I. Breach of Contract

Malcom's breach of contract claim shall be dismissed because it is barred by Michigan's statute of limitations for breach of contract claims. Michigan law applies a six-year period of

limitations for an action to "recover damages or money for breach of contract." MCL § 600.5807. Although the Agreement is governed by South Carolina law, "statutes of limitation are considered procedural and are governed by the law of the forum." *Czewski v. KVH Indus., Inc.*, 607 F. App'x 478, 480 (6th Cir. 2015) (quoting *Johnson v. Ventra Group, Inc.*, 191 F.3d 732, 746 (6th Cir. 1999)). In Michigan, "a breach of contract claim accrues on the date of the breach, not on the day the breach is discovered." *Sunseri v. Proctor*, 487 F. Supp. 2d 905, 909 (E.D. Mich. 2007), aff'd, 286 F. App'x 930 (6th Cir. 2008) (quoting *Isely v. Capuchin Province*, 880 F. Supp. 1138, 1145 (E.D. Mich. 1995).

Malcom's Agreement with Colonial was terminated on or about September 15, 2005. (ECF No. 11, PageID.88). Breach of contract claims accrue on the date on the breach. *Sunseri v. Proctor*, 487 F. Supp. 2d 905, 909 (E.D. Mich. 2007), aff'd, 286 F. App'x 930 (6th Cir. 2008) (quoting *Isely v. Capuchin Province*, 880 F. Supp. 1138, 1145 (E.D.Mich. 1995). Accordingly, any claims filed after September 15, 2011 are barred by Michigan's statute of limitations. MCL § 600.5807. Malcom's breach of contract claim was filed on June 9, 2021, which is far beyond the six-year period. *Id*.

Therefore, the Court DISMISSES Malcom's breach of contract claim because it is barred by Michigan's statute of limitations.

**II. Forgery Under 18 U.S.C. § 471**

Malcom's forgery claim under 18. U.S.C. § 471 shall be dismissed because the statute does not provide a private right of action. The statute imparts criminal punishment for "whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States[.]" 18 U.S.C. § 471. As a general rule, "a private right of action is not

5

maintainable under a criminal statute." *MacLeod v. Moritz*, No. 18-CV-11653, 2019 WL 3072098, at *4 (E.D. Mich. July 15, 2019); *see also Am. Postal Workers Union*, *AFL-CIO, Detroit Loc. v. Indep. Postal Sys. of Am., Inc.,* 481 F.2d 90, 93 (6th Cir. 1973) ("Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions").

Therefore, the Court DISMISSES Malcom's forgery claim under 18 U.S.C. § 471 because the statute does not provide a private right of action.

### III. FOIA

Malcom requests that the Court issue an order compelling Colonial Life to produce documents pursuant to FOIA. (ECF No. 11). However, FOIA requests are applicable only to government agencies. 5 U.S.C. § 552. *See also Rimmer v. Holder*, 700 F.3d 246, 256 (6th Cir. 2012) ("FOIA is only concerned with shedding light on the misconduct of the federal government…"). Colonial Life is not a government agency subject to the requirements of 5 U.S.C. § 552.

Therefore, the Court DISMISSES Malcom's FOIA claim because FOIA does not apply to Colonial Life.

### CONCLUSION

For the reasons stated above, the Court GRANTS Colonial Life's Motion to Dismiss the Amended Complaint (ECF No. 24) and shall dismiss this action with prejudice.

**IT IS SO ORDERED.**

Dated: February 15, 2022            s/Sean F. Cox
                                                              Sean F. Cox
                                                              U. S. District Judge